WILLIAM DE BEVOISE, Respondent, *v.* WILLIAM INGALLS and ELIZABETH J. MATTHEWS, Appellants, Impleaded with Another.

*County Court — power to direct a new trial in a Justice's Court — an excuse for the default must be rendered.*

The County Court is a tribunal of limited jurisdiction and can exercise on appeal only such powers as are conferred upon it by statute. The power given to that court by section 3064 of the Code of Civil Procedure to direct a new trial of an action begun in a court of a justice of the peace, cannot be exercised unless the defendant "renders a satisfactory excuse for his default;" and where the defendant fails to do this the direction that a new trial be had in the court below is erroneous.

APPEAL by the defendants, William Ingalls and another, from so much of an order of the Rockland County Court, entered in the office of the clerk of said county on the 19th day of June, 1893, as directed a new trial of the action before a justice of the peace.

The action was commenced in a Justice's Court, and the defendants not appearing on the return day of the summons the justice rendered judgment in favor of the plaintiff. The defendants thereafter appealed to the County Court from said judgment, and on said appeal an order was granted and entered, setting aside the said judgment and directing a new trial of the action before the same justice.

*George A. Wyre*, for the appellants.

*A. S. Tompkins*, for the respondent.

BROWN, P. J.:

The appeal from the justice's judgment was heard by the County Court upon the justice's return. The court had power to reverse

the judgment, but no power to direct a new trial. Section 3064 of the Code of Civil Procedure was not applicable to the facts of the case. That section empowers the County Court to direct a new trial only when the appellant " renders a satisfactory excuse for his default."

No affidavits were read on the argument of the appeal and no reason was shown why the appellants did not appear before the justice of the peace.

The County Court is a tribunal of limited jurisdiction and can. exercise on appeal only such powers as are conferred upon it by statute.

It was error, therefore, for the court to order a new trial and the part of the order appealed from must be reversed, with costs.

DYKMAN, J., concurred.

PRATT, J. (dissenting):

This case is regulated by the Code, section 3064, which is as follows, viz.: " If the appeal is taken by a defendant who failed to appear before the justice either upon the return of the summons or at the time to which the trial of the action was adjourned, and he shows by affidavit or otherwise that manifest injustice has been done and renders a satisfactory excuse for his default, the appellate court may, in its discretion, set aside the judgment appealed from or stay proceedings thereunder and by order direct a new trial before the same justice or before another justice of the same county * * * upon such terms as it deems proper."

Section 3066 is as follows: " * * * If a new trial is directed before the same or another justice * * * the costs of the appeal are in the discretion of the appellate court."

It is to be noticed that the defendant rendered no satisfactory excuse for his default and that the judgment was not reversed, but set aside.

It was clearly in the discretion of the county judge to make the order appealed from, and it should be affirmed, with costs and disbursements.

Order, so far as appealed from, reversed, with costs.